**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF | No. CV07-2445-PHX-DGC. |
| Horace Zimmerman and Yvonne Zimmerman, | BK NO.   05-10417 PHX RJH<br>ADV. NO.  07-00406 RJH |
| Debtors, | **ORDER** |
| Andrew J. Salazar and Antoinette S. Salazar, | |
| Appellants, | |
| v. | |
| Edward J. Maney, | |
| Appellee. | |

Appellants Andrew J. Salazar and Antoinette S. Salazar challenge the United States Bankruptcy Court's grant of summary judgment in favor of Bankruptcy Trustee Edward J. Maney. D.t. #11. For the reasons set forth below, the Court will affirm the judgment of the bankruptcy court.

**I.    Factual Background.**

The facts of this case are not in dispute. *See* Dkt. #13 at 1. Horace Zimmerman and Yvonne Zimmerman ("the Debtors") owned real property located at 3646 N. 69th Avenue, Unit #76, Phoenix, Arizona 85033 (the "subject property"). On June 9, 2005, the Debtors voluntarily filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 *et seq*. The subject property became part of the bankruptcy estate pursuant to 11

1  U.S.C. § 541.  Appellee Edward J. Maney was appointed trustee of the bankruptcy estate
2  ("Trustee").
3        The filing of the bankruptcy petition triggered an automatic stay that barred creditors
4  from initiating or continuing judicial proceedings against the Debtors.  11 U.S.C. § 362(a).
5  On October 27, 2005, the bankruptcy court issued an order memorializing a stipulation
6  between secured creditor Countrywide Home Loans, Inc., the Debtors, and the Trustee to
7  terminate the automatic stay as to Countrywide.  D.t. #11 at Att. A-3.  The order authorized
8  Countrywide to proceed with foreclosure and hold a sale of the subject property.  *Id*.  The
9  preamble to the stipulation noted that the "Trustee agrees that there is no equity in the subject
10 property, and has agreed to abandon the same[.]" *Id*. at 1.
11       On April 10, 2006, the subject property was placed in trust with Infinite Financial &
12 Investment Corporation.  *Id*. at A-4.  On April 21, 2006, Infinite sold the subject property to
13 Active Finance Group, LLC, for $36,850.65.  *Id*. at A-5.  Appellants Andrew and Antoinette
14 Salazar, who are officers of Infinite, received and spent the funds from the sale.  *See* D.t. #12,
15 Ex. 2 ¶10; *Id*. at Ex.1.G.  Countrywide was also paid in full.  *See* Dkt. #11 at 3.
16 **II.    Procedural History.**
17       On July 17, 2007, the Trustee filed suit in the United States Bankruptcy Court for the
18 District of Arizona seeking to avoid the transfer of the subject property to Appellants,
19 Infinite, and the trust created on April 10, 2006 (collectively, "Defendants"), under 11 U.S.C.
20 § 549(a), and to hold these parties jointly and severally liable for the amount of the sale under
21 11 U.S.C. § 550(a)(1) and (a)(2).  Dkt. #12 Ex. 1; *see* Dkt. #1.  On August 31, 2007, the
22 Trustee moved for summary judgment on the ground that Defendants obtained the subject
23 property "without the authority of [the bankruptcy court] or the Bankruptcy Code," "[t]hey
24 then sold the property," and they are therefore "liable to the estate for the return" of the sale
25 price. *Id*. Ex. 3 at 3.  In response, Defendants argued primarily that the Trustee abandoned
26 the property based on the October 27, 2005 order, and consequently the subject property was
27 not the property of the bankruptcy estate at the time of the April 21, 2006 sale.  *Id*. Ex. 4.
28

1   On November 17, 2007, the bankruptcy court heard arguments from both sides on the
2   issue of abandonment and made the following ruling on the Trustee's motion:

> The Trustee's motion for summary judgment will be granted, although there was – there may have been an agreement between the Trustee and the – and Countrywide that the property could be abandoned, it never was abandoned. Abandonment takes an order of the Court and there is no order of abandonment in this record.
>
> There is an order granting relief from stay but the law is clear that relief from stay does not abandon property from the estate; it remains property of the estate unless and until it's foreclosed upon. Consequently this property was, on the undisputed facts, property of the estate at the time it was sold.
>
> It is also undisputed that there was no order authorizing this sale. Consequently, it is a violation of [11 U.S.C.] § 549.

D.t. #11 Ex. A-6 at 13:10-24.

Appellants ask the Court to resolve two questions: (1) whether the bankruptcy court erred in holding that abandonment requires an order from the court, and (2) whether the court erred in granting summary judgment because a genuine issue of material fact existed as to Appellants' reasonable reliance on the October 27, 2005 order. Dkt. #11 at 1.

The Court examines a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *In re American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984). This appeal presents questions of law, which require *de novo* review.

**III.   Analysis.**

"Abandonment is a term of art with special meaning in the bankruptcy context. It is the formal relinquishment of the property at issue from the bankruptcy estate." *Catalano v. C.I.R.*, 279 F.3d 682, 685 (9th Cir. 2002) (internal quotes omitted). Appellants claim that the Trustee abandoned the subject property by stipulating to the October 27, 2005 order. D.t. #11 at 5. The Court finds that the purpose and plain language of the order belie any suggestion that the Trustee abandoned the subject property by entering into the stipulation. Even if the order is construed as an attempt by the Trustee to abandon the subject property, it could not have the legal effect of such an abandonment because the statutory requirements of 11 U.S.C. § 554(a), which governs abandonment by a trustee, were not satisfied.

- 3 -

### A.     The Order.

An examination of the order indicates that the Trustee did not abandon the subject property by way of stipulation. The language of the order indicates that its purpose was to lift the stay with respect to Countrywide. *See id*. Ex. A-3 at 2 (the parties stipulate that "the Automatic Stay is immediately terminated and extinguished for all purposes as to the Secured Creditor, COUNTRYWIDE HOME LOANS, INC.[.]"). The order concerned whether a single creditor could proceed against the Debtors, not whether the bankruptcy estate maintained an interest in the subject property. "When a bankruptcy court lifts, or modifies, the automatic stay, it merely removes or modifies the injunction prohibiting collection actions against the debtor or the debtor's property." *Catalan*, 279 F.3d at 686. "[A]n order lifting the automatic stay by itself does not release the estate's interest in the property and the act of lifting the automatic stay is not analogous to an abandonment of the property." *Id.* at 687 (internal quotes and citations omitted).

The preamble of the October 27, 2005 order states that the "Trustee agrees that there is no equity in the subject property, and has agreed to abandon the same." D.t. #11 Ex. A-3 at 1. With respect to the first clause of this statement, 11 U.S.C. § 554(a) provides that a "trustee may abandon any property of the estate that is . . . of inconsequential value and benefit to the estate." A trustee's agreement that there is no equity in the subject property, however, cannot be equated with a statement that the subject property is of "inconsequential value and benefit to the estate" under § 554(a). *See In re Viet Vu*, 245 B.R. 644, 647 (9th Cir. BAP 2000) (rejecting the argument that certain "Property was of inconsequential value and benefit to the estate because there allegedly was no equity in the Property as of the Filing Date."). With respect to the second clause of the statement, the preamble suggests that the Trustee will abandon the subject property, not that it has abandoned the property. As the Trustee noted in the proceedings below, this language "does nothing more than evidence an intention on the part of the trustee to abandon the property at some future point in time." D.t. #12 Ex. 5 at 2. The bankruptcy court therefore appropriately noted that "although . . . there

- 4 -

may have been an agreement between the Trustee and . . . Countrywide that the property could be abandoned, it never was abandoned." D.t. #11 Ex. A-6 at 13:11-13.

### B.     Statutory Requirements.

Assuming *arguendo* that the order may be reasonably read as an attempt by the Trustee to abandon the subject property, the order still would not have the legal effect of an abandonment. To abandon property of an estate, a bankruptcy trustee must comply with 11 U.S.C. § 554(a). This provision of the Bankruptcy Code states that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). A trustee is thus required to give notice to all creditors of an intent to abandon estate property. *See* Fed. R. Bankr. P. 6007(a) ("trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to . . . all creditors[.]"). Notice protects creditors by affording them with an opportunity to object to the abandonment. *See id.* ("A party in interest may file and serve an objection within 15 days of the mailing of the notice, or within the time fixed by the court."). Following notice, a hearing must be held before abandonment occurs. 11 U.S.C. § 554(a).

In this case, there is no evidence that the required notice and hearing occurred. The subject property therefore remained part of the bankruptcy estate. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 710 (9th Cir. 1986) ("Even if the trustee intended abandonment by signing the 1982 stipulation, the agreement would be of no effect without prior notice to creditors."); *In re Reed*, 940 F.2d 1317, 1331 (9th Cir. 1991) (no abandonment where there was no notice or hearing before trustee filed a report suggesting an intent to abandon an asset).

Finally, Appellants contend that the bankruptcy court's summary judgment was incorrect because they reasonably relied on the October 27, 2005 order and reasonable reliance presents a question of fact. Appellants cite no authority, however, for the proposition that a third party's reliance can obviate the statutory requirements of 11 U.S.C. § 554(a). Were such a proposition to be accepted, the actions of a stranger to the bankruptcy

1 could deprive creditors of estate property without notice and a hearing. The Court cannot
2 accept such a novel proposition in light of the clear requirements of 11 U.S.C. § 554(a).

**IT IS ORDERED:**

1. Appellants' appeal (D.t. #11) is **denied**.
2. The decision of the United States Bankruptcy Court for the District of Arizona (D.t. #1) is **affirmed**.
3. The Clerk is directed to **terminate** this action.

DATED this 30th day of April, 2008.

_David G. Campbell_
David G. Campbell
United States District Judge